UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TANNE GABLER, Individually and as Parent and Next Friend of SADIE GABLER-BEARD and OREN GABLER-BEARD, | * * * * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | DOCKET NO.: |
| | * | |
| v. | * | |
| | * | |
| CRETE CARRIER CORPORATION, | * | |
| | * | |
| Defendant. | * | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

PARTIES AND JURISDICTION

1.      Plaintiff Tanne Gabler is a resident and citizen of the State of Maine. She is the mother of Sadie Gabler-Beard and Oren Gabler-Beard, and brings this action both on her own behalf and as Sadie and Oren's parent and next friend.

2.      Defendant Crete Carrier Corporation ("Crete Carrier") is a corporation that provides inter-state trucking services, with its principal place of business in Lincoln, Nebraska. At all relevant times, Crete Carrier was qualified to do business in the State of Maine—and was in fact doing business in the State of Maine—and had sufficient minimum contacts with the State of Maine to subject it to the jurisdiction of this Court.

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (a) there is complete diversity of citizenship between Plaintiff and Defendant; and (b) the amount in controversy exceeds $75,000.

4.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because: (a) a substantial part of the events or omissions giving rise to this claim occurred in the State of Maine;

*1*

(b) Crete Carrier conducts business in the State of Maine; and (c) Plaintiff resides in the State of Maine.

## FACTS

5.      On or about July 18, 2025, Plaintiff Tanne Gabler was driving her car in Portland, Maine.  Sadie Gabler-Beard and Oren Gabler-Beard—Tanne's children, each of whom has autism spectrum disorder—were sitting in the vehicle's rear passenger seats.

6.      At the same time and place, Michael Manatt was operating a tractor-trailer owned or controlled by Crete Carrier, acting within the scope of his duties as an employee and/or agent of Crete Carrier.

7.      As Plaintiff was traveling straight through the intersection of Hitchins Drive and Congress Street, with the right of way, Manatt negligently failed to yield the right of way to Plaintiff and crashed into Plaintiff's vehicle.

8.      Manatt was negligent in, among other things:

      a.      failing to yield the right of way;

      b.      failing to keep a proper lookout;

      c.      failing to maintain proper control of the tractor-trailer; and

      d.      operating the tractor-trailer without due regard for traffic conditions.

9.      Crete Carrier is vicariously liable for the negligence of its employee or agent, Michael Manatt.

## COUNT I – NEGLIGENCE
### (as to Tanne Against Defendant)

10. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

11. At all times material to this complaint, Crete Carrier owed Tanne a duty to operate its tractor-trailer in a safe and reasonable manner, and to hire, train, and supervise Manatt as the operator of its tractor-trailer.

12. Crete Carrier breached this duty through the negligent acts and omissions of Manatt, as set forth above, and through its own negligent hiring, training, and supervision of Manatt.

13. As a direct and proximate result of Crete Carrier's negligence, Tanne suffered personal injuries, emotional distress, loss of enjoyment of life, and medical expenses. The trauma of the crash further caused Tanne to develop painful and severe shingles, which took a significant amount of time to resolve.

## COUNT II – NEGLIGENCE
### (as to Sadie and Oren Against Defendant)

14. Plaintiff repeats and realleges each of the foregoing paragraphs as if set forth fully herein.

15. At all times material to this complaint, Crete Carrier owed Sadie and Oren a duty to operate its tractor-trailer in a safe and reasonable manner, and to hire, train, and supervise Manatt as the operator of its tractor-trailer.

16. Crete Carrier breached this duty through the negligent acts and omissions of Manatt, as set forth above, and through its own negligent hiring, training, and supervision of Manatt.

17.     As a direct and proximate result of Crete Carrier's negligence, Sadie and Oren suffered emotional distress, psychological injuries, loss of enjoyment of life, and medical expenses.

WHEREFORE, Plaintiff requests judgment against Defendant for compensatory damages, costs, interest, and such other and further relief as this Court deems just and appropriate.

Date: May 15, 2026

/s/ Trevor D. Savage, Esq.
Trevor D. Savage, Esq. ~ Bar No. 6028
*Attorney for Plaintiff*

Gideon Asen LLC
95 Main Street, #5
Auburn, ME  04210
(207) 206-8982
*tsavage@gideonasenlaw.com*